United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY REMMERT,<br><br>   Petitioner,<br><br> v.<br><br>HON. SUSAN ETEZADI, San Mateo County Superior Court,<br><br>   Defendant. | No. C07-80059 MJJ<br><br>**ORDER DENYING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS** |

  Before the Court is Petitioner's Petition for a Writ of Habeas Corpus, Motion to Relate Cases, and Motion to Stay, filed February, 23, 2007. Based on Petitioner's failure to exhaust State court remedies, the Court **DENIES** Plaintiff's petition and, subsequently, her Motion to Stay.

  The exhaustion doctrine, codified at 28 U.S.C. §§ 2254(b) and (c), provides that a federal court may not grant "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . unless it appears that the applicant has exhausted the remedies available in the courts of the State. . . ."

  As explained in *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982), *cert. denied*, 463 U.S. 1212, 103 S. Ct. 3547, 77 L. Ed. 2d 1395 (1983), the doctrine stems "from the basic principle of federalism that federal courts should accord due respect to the role of state courts in enforcing the prohibition against unconstitutional confinement embodied in the writ of habeas corpus. The exhaustion doctrine also serves the interests of judicial economy. State courts should have the first opportunity to examine the lawfulness of a state prisoner's confinement. If the prisoner's claim is

1  meritorious, and if the state remedy is prompt and complete, there is no need to bring
2  post-conviction proceedings in federal courts."[1]

3      Here, Petitioner avers that her Fifth and Fourteenth Amendment right to due process was
4  violated during a trial beginning on November 13, 2006. On January 17, 2007, Defendant,
5  Honorable Susan I. Etezadi in the San Mateo Superior Court, sentenced Petitioner to twenty-eight
6  days in jail and three years probation for three misdemeanors.[2] Petitioner's surrender date is March
7  3, 2007. Further, Petitioner has appealed this conviction[3] and has filed a petition for habeas corpus
8  in San Mateo Superior Court.[4] Neither the appeal nor the petition for habeas corpus in San Mateo
9  Superior Court have been assigned case numbers as of the filing of this petition. The California
10 Courts are in the best position to determine the constitutionality of Petitioner's trial.

11     Therefore, this Court **DENIES** Petitioner's Petition for a Writ of Habeas Corpus because she
12 has failed to exhaust state court remedies. Subsequently, Petitioner's Motion to Stay is also
13 **DENIED**.

16 **IT IS SO ORDERED.**

18 Dated: March 2, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[1] *See also Batchelor* 693 F.2d at 862 (9th Cir.1982) (stating "[a] petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner files the habeas petition in federal court no state remedies are still available to the petitioner and the petitioner had not deliberately by-passed the state remedies.").

[2] *People of the State of California v. Remmert*, Case No. SM340531A.

[3] Petition for Writ of Habeas Corpus, 3:22.

[4] Petition for Writ of Habeas Corpus, 4:18.

2